72 F.3d 131
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Timothy R. WALKER, Plaintiff-Appellant,
and
The Fire And Casualty Insurance Company of Connecticut,
Intervening Plaintiff-Appellant,
v.
Jax MOLD & Machine Limited, Defendant-Appellee.
 Nos. 94-5960, 94-5961.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1995.
 
 Before: BOGGS and NORRIS, Circuit Judges; HACKETT, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff and intervening plaintiff appeal from the district court's entry of judgment for defendant after a jury verdict in this products liability case. Plaintiffs assign error to the district court's determination allowing the issue of comparative fault to be raised before the jury and to three of the court's evidentiary rulings. For the following reasons, the judgment entered below shall be affirmed.
 
 
 2
 * On October 18, 1991, plaintiff Timothy R. Walker sustained a work-related injury at Polymer Industrial Products Company (PIPCO) when a steel core that had been affixed to the press he was operating came loose and struck him. The core in question, designated "328," was manufactured by defendant Jax Mold & Machine Limited (Jax Mold). Plaintiff filed suit against defendant, alleging that his injuries resulted from defendant's manufacture of its "328" core. Subsequently, The Fire and Casualty Insurance Company (Fire & Casualty) filed an intervening complaint on the basis of a workers' compensation subrogation lien. The case proceeded to trial.
 
 
 3
 At the conclusion of the proofs, the district judge charged the jury on strict liability, as well as on comparative fault. After deliberation, the jury returned a verdict of no cause of action, finding that defendant was not at fault. Judgment was entered for defendant and this appeal followed.
 
 II
 
 4
 Questions of law are considered de novo. Affiliated FM Ins. Co. v. Owens-Corning Fiberglas Corp., 16 F.3d 684, 686 (6th Cir.1994). A district court has wide latitude in its evidentiary rulings, and we will reverse only for an abuse of discretion. United States v. Rios, 842 F.2d 868, 872 (6th Cir.1988), cert. denied, 488 U.S. 1031 (1989).
 
 III
 
 5
 Plaintiffs' first argument on appeal is that the district court erred in allowing the issue of comparative fault to be raised before the jury in this strict products liability case. Recently, however, the Tennessee Supreme Court[1] unequivocally held that the affirmative defense of comparative fault can be raised in a strict products liability action. Whitehead v. Toyota Motor Corp., 897 S.W.2d 684 (Tenn.1995).
 
 
 6
 Plaintiffs also contend that allowing the jury to consider the comparative fault of plaintiff's employer violated the exclusive remedy provision of the Tennessee Workers' Compensation Law, Tenn.Code Ann. Sec. 50-6-108(a). The Tennessee Supreme Court has not expressly ruled on this issue. However, the Court's principle of comparative fault in general tort cases would allow the apportioning of some fault even to an otherwise "immune" non-party employer. Otherwise, the defendant would be subjected to liability in excess of its proportion of fault. This decision would not mean that the plaintiff's employer would actually have to pay for its proportion of fault, which would be a violation of the exclusive remedy provision. In any event, the employer in this case is in essence a plaintiff through the mechanism of the intervention by its insurer as a plaintiff; and the comparative fault doctrine clearly allows the diminution of defendant's liability because of the fault of a plaintiff.
 
 
 7
 Second, plaintiffs argue that the district court improperly admitted evidence of other cores that separated from their respective presses at PIPCO after plaintiff's accident without also admitting evidence of how the cores were damaged or who manufactured them. However, the evidence presented showed that these other incidents were substantially similar to the core failure that injured plaintiff and tended to make defendant's theory of the case more probable than it would be without it. We conclude that the district court did not abuse its discretion.
 
 
 8
 Next, plaintiffs argue that defense witnesses Michael Casto and Paul Thornton were improperly admitted as experts on industry standards of care because their qualifications were not sufficiently established. However, both witnesses had considerable experience in the bladder mold manufacturing business. The district court permitted them to testify as experts on industry standards with respect not only to design and manufacture, but also as to labeling, warning or instructions. Due to their extensive practical experience in the relevant industry, the district court did not err in finding that Casto and Thornton were qualified to provide information on industry standards, nor did the court abuse its discretion in determining that their expert opinions would assist the jury. Fed.R.Evid. 702.
 
 
 9
 Plaintiffs' final claim on appeal is that the trial court erred in admitting a videotape demonstration that was made by defense expert Dr. DeHghiani because the experiment was not conducted under conditions "substantially similar" to the actual conditions at issue in this case. "Experimental evidence is admissible so long as the evidence is reliable and probative, and experimental evidence is deemed to have probative value if the conditions of the experiment were identical with or similar to the conditions of the transaction in litigation." Crown Cork & Seal Co. v. Morton Pharmaceuticals, Inc., 417 F.2d 921, 926 (6th Cir.1969). Dr. DeHghiani laid a proper foundation for the evidence by describing the tests in detail and stating that they were a reasonable simulation of the applications at issue. In addition, plaintiffs submitted no evidence that the tests performed were not substantially similar to the actual process and did not even attempt to cross-examine Dr. DeHghiani as to the relevance of the tests. Therefore, the district court did not abuse its discretion in admitting the videotape demonstration.
 
 IV
 
 10
 For the foregoing reasons, we AFFIRM the judgment entered by the district court.
 
 
 
 *
 The Honorable Barbara K. Hackett, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Because federal jurisdiction in this case is founded upon diversity of citizenship, questions of substantive law are governed by the law of the forum state, Tennessee in this case. Mills v. GAF Corp., 20 F.3d 678, 681 (6th Cir.1994) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78-80 (1938))